# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-1018V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JOHN SUMMERS,                    *    Filed: June 17, 2015
                                 *
            Petitioner,           *    Petitioner's Motion for a Decision
     v.                          *    Dismissing the Petition; Vaccine Act
                                 *    Entitlement; Denial Without Hearing
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.           *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Paul R. Brazil*, Muller Brazil, LLP, Philadelphia, PA, for Petitioner.

*Camille Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE[1]

On October 20, 2014, John Summers filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that the hepatitis A and hepatitis B vaccines administered to him on February 14, 2014 caused him to develop reactive arthritis, myalgia and arthralgia, and that these illnesses ultimately continue to this day. *See* Pet. at 1 (ECF No. 1).

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2002)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

On February 3, 2015, Respondent filed a Rule 4(c) reporting indicating that this case was not appropriate for compensation. Resp't's Rule 4(c) Report (ECF No. 12) at 1. Respondent argued that "[P]etitioner has failed to offer a reputable scientific or medical theory establishing that hepatitis A and/or hepatitis B vaccines can cause reactive arthritis, myalgia, and arthralgia" and also failed to show a "logical sequence of cause and effect." *Id.* at 9.

Petitioner has now filed a motion seeking dismissal of this case. Pet'r's Mot. for Decision Dismissing his Pet., dated June 17, 2015 (ECF No. 16). In that motion, Petitioner indicates that "[a]n investigation of facts and science supporting his case has demonstrated to [P]etitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." *Id.* at 1.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Mr. Summers suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that the alleged injury that he experienced could have been caused by the vaccination(s) received and Petitioner himself has acknowledged he possesses no contrary evidence.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master